```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _5/27/2025_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------
MARIA CASTELAN,

                      Plaintiff,

-against-                                25 Civ. 2909 (AT)

CA 2952 HOLDINGS LLC and BURLINGTON
STORES INC.,                                **ORDER**

                      Defendants.
--------------------------------------------------------------
ANALISA TORRES, District Judge:

      Plaintiff, Maria Castelan, brings this negligence action alleging that Defendants, CA 2952 Holdings LLC ("CA 2952") and Burlington Stores Inc. ("BSI"), are liable for damages Castelan sustained following a fall at a location maintained by BSI. *See generally* Compl., ECF No. 1-1. On April 8, 2025, BSI removed this action from Supreme Court, Bronx County. ECF No. 1. On April 23, Castelan filed a letter requesting that the Court remand the matter for lack of subject matter jurisdiction. ECF No. 8. Castelan attached to her letter an affidavit of service indicating that CA 2952 was served on April 16. ECF No. 8-1.

      "[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). In its notice of removal, BSI contends that the Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332. ECF No. 1 at 1. Under § 1332(a), the citizenship of each plaintiff in an action must differ from the citizenship of each defendant. BSI's notice of removal alleges that Castelan is a citizen of New York, *id.* ¶ 5, as does the complaint, Compl. ¶ 1. The notice of removal is silent with respect to the citizenship of CA 2952 Holdings, and Castelan alleges that it is "a foreign limited liability corporation [("LLC")] duly licensed and authorized to do business in the State of New York," with "its principal place of business situated in the County of New York and the State of New York." Compl. ¶¶ 2–3.

      If, however, CA 2952 is an LLC as its name suggests and the complaint alleges and BSI does not dispute, then its citizenship for diversity jurisdiction purposes is derived from the citizenship of each of its members. *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). Because the notice of removal and complaint are silent with respect to CA 2952's membership, the Court ordered BSI to show cause why the matter should not be remanded, authorizing BSI to conduct limited jurisdictional discovery for purposes of its response. ECF No. 11; *see United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (explaining that a removing defendant "has the burden of establishing that removal is proper"). The Court advised that it would not exercise subject matter jurisdiction "[w]ithout assurance that the parties are completely diverse." ECF No. 11 at 1.

BSI did not conduct jurisdictional discovery despite the Court's authorization to do so, supposedly because CA 2952 has not appeared in this matter with counsel.  *See* ECF No. 12 at 4.  In the absence of discovery, BSI seeks to rely solely on Castelan's "sworn averments that [CA 2952] is a foreign [l]imited [l]iability [c]orporation and therefore diverse."  *Id.* at 5.

BSI's contentions are without merit.  The appearance of a party or lack thereof has no bearing on another party's burden to investigate and establish subject matter jurisdiction when directed by the Court and authorized by Court order.  *See generally* Fed. R. Civ. P. 26(d)(1) (permitting parties to conduct discovery authorized by court order); Fed. R. Civ. P. 45 (permitting parties to serve subpoenas).  It is well-established that an LLC "is completely diverse from opposing parties only if *all* of the members of the LLC are citizens of different states than *all* opposing parties," and that "[i]n pleading an LLC's citizenship, the identity and citizenship of each member has to be specifically alleged."  *Wynston Hill Cap., LLC v. Crane*, 682 F. Supp. 3d 540, 545 (S.D.N.Y. 2022) (citations omitted).  Because Castelan's pleadings do not allege the identity or citizenship of each member of CA 2952, the pleadings are insufficient for BSI to establish subject matter jurisdiction.

BSI suggests that the rules governing the citizenship of LLCs should not apply because CA 2952 may be a foreign LLC.  *See* ECF No. 12 at 5.  BSI cites no law to support this proposition, nor does it provide any indication that the LLC is in fact a corporation.  *Cf. Greenwood Grp., LLC v. Brooklands, Inc.*, No. 15 Civ. 851, 2016 WL 3828685, at *6–7 (S.D.N.Y. July 12, 2016) (applying the ordinary rules of diversity jurisdiction to a foreign LLC, concluding that the foreign LLC is a citizen of New York based on the citizenship of its member, and noting that the proponent of subject matter jurisdiction offered no evidence that the LLC was, in fact, a corporation).  Because the Court has received no "assurance that the parties are completely diverse," BSI has not met its burden to demonstrate that removal was proper.  ECF No. 11 at 1; *see Loc. 919*, 30 F.3d at 301 ("[T]he party asserting jurisdiction bears the burden of proving that the case is properly in federal court[.]"); *Bellido-Sullivan v. Am. Int'l Grp., Inc.*, 123 F. Supp. 2d 161, 163 (S.D.N.Y. 2000) ("Unless that burden is met, the case must be remanded back to state court.").

Accordingly, this matter is REMANDED to Supreme Court, Bronx County.  The Clerk of Court is respectfully directed to terminate all motions, hearings, and deadlines, and close the case.

SO ORDERED.

Dated: May 27, 2025
       New York, New York

_____
ANALISA TORRES
United States District Judge